UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Michael J. Monaghan, et al.,** | Civil Action No. 13-4544 (ES) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION & ORDER |
| **City of Hackensack, et al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiffs Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-65 Main Street, LLC and 59-61 Moore Street, LLC's (collectively, the "Plaintiffs") motion to remand this action to the Superior Court of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1447. (D.E. No. 11). This Court referred Plaintiffs' motion to the Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 15, 2013, Magistrate Judge Dickson issued a Report and Recommendation (the "R&R") that the undersigned grant Plaintiffs' motion in part, remand this matter accordingly, but deny Plaintiffs' request for an award of attorneys' fees and costs. (D.E. No. 25). Judge Dickson advised the parties that they had until December 2, 2013 to file and serve any objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*See* D.E. No. 25).

On December 2, 2013, Plaintiffs objected in part to the R&R, arguing that they should be awarded their legal fees incurred in filing their motion to remand. (D.E. No. 26 ("Pls. Objection")). On December 5, 2013, Defendants City of Hackensack and Mayor and Council of the City of Hackensack (collectively, the "Removing Defendants") sought leave to file a response to

Plaintiffs' Objection, (D.E. No. 27), which this Court granted on December 12, 2013, (D.E. No. 29). On December 13, 2013, the Removing Defendants filed a Response to the Plaintiffs' Objection, asserting that this Court should adopt the R&R. (D.E. No. 30 at 4 ("Defs. Resp.")). For the reasons set forth below, the Court adopts Magistrate Judge Dickson's R&R in its entirety.

The Court provides the background of this action in summary fashion because Judge Dickson provided the relevant factual and procedural background in the R&R. (D.E. No. 25 at 1-2). A Complaint was filed in state court on June 26, 2013, and the Removing Defendants filed a Notice of Removal on July 26, 2013. (D.E. No. 1, Notice of Removal). No other Defendant joined in the Notice of Removal or filed written consent to the removal within the thirty-day period of service. Plaintiffs moved to remand because the Removing Defendants failed to comply with the unanimity rule. Plaintiffs also sought fees and costs. The Magistrate Judge denied the award of fees, finding that "Removing Defendants' mistake was both procedural in nature and reasonable under the circumstances of a case involving this many defendants." (R&R at 11).

Inasmuch as neither party objects to the remand, and for the reasons stated in Judge Dickson's R&R, this Court adopts the remand discussion of Judge Dickson's R&R and focuses its analysis on Plaintiffs' request for attorneys' fees and costs. "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

In their objection to the R&R, Plaintiffs now argue that counsel for the Removing Defendants were "fully aware that every single tactic and argument they offered in this removal

effort has already been considered and rejected by this court in a decision in which counsel participated just last year," and therefore that the Removing Defendants lacked an objectively reasonable basis for their removal attempt. (Pls. Objection at 3-7). Plaintiffs rely on *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511 (D.N.J. 2012). But *Cacoilo* stated that "the Court has broad discretion in determining whether to award fees [and that] such an award is only proper if the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 524 (citations and quotations omitted). That court emphasized, however, that "a procedural mistake will rarely warrant an award of costs." *Id.* (citations and quotations omitted). This Court finds that the Removing Defendants sought to remove this case to federal court on the grounds that it arose under the laws of the United States. As such, the Removing Defendants had objectively reasonable grounds to seek removal and the procedural defect does not entitle Plaintiffs to an award of costs. This result is consistent with *Cacoilo*. *Id.*

The Court has reviewed Plaintiffs' Objection, the Removing Defendants' Response, and Magistrate Judge Dickson's R&R, and for the reasons stated above and in Judge Dickson's R&R,

**IT IS** on this 9th day of January, 2014,

**ORDERED** that this Court adopts Magistrate Judge Dickson's R&R, (D.E. No. 25), as the Opinion of this Court; and it is further

**ORDERED** that Plaintiffs' motion to remand, (D.E. No. 11), is GRANTED *in part*; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Bergen County, Law Division; and it is further

**ORDERED** that Plaintiffs' request for attorneys' fees and costs is DENIED; and it is

further

> **ORDERED** that the Clerk of Court shall terminate Plaintiffs' motion to remand and mark this case CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**